PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

IN THE UNITED STATES DISTRICT COURT

FOR THE **Northern** DISTRICT OF TEXAS

**Amarillo** DIVISION

*U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS FILED OCT - 2 2019 CLERK, U.S. DISTRICT COURT By ___ Deputy*

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

**Jeremy Justin Arredondo**
PETITIONER
(Full name of Petitioner)

vs.

**Lorie Davis**
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

**Dalhart Unit**
CURRENT PLACE OF CONFINEMENT

**02032379**
PRISONER ID NUMBER

**2:19CV-191-Z**
CASE NUMBER
(Supplied by the District Court Clerk)

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

Rev. 09/10

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check all that apply)

- ☐ A judgment of conviction or sentence, probation or deferred-adjudication probation. (Answer Questions 1-4, 5-12 & 20-25)
- ☐ A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-25)
- ☒ A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-25)
- ☐ Other: _____ (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
Note: In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: **35th Judicial District Court of Brown County Texas**

2. Date of judgment of conviction: **10-23-2015**

3. Length of sentence: **15 yrs**

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: **Assault Family Violence-Occlusion §22.01-3rd Degree Felony - Repeat offender §12.42**

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)   ☐ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6. Kind of trial: (Check one)   ☐ Jury   ☐ Judge Only

7. Did you testify at trial?   ☐ Yes   ☐ No

8. Did you appeal the judgment of conviction?   ☐ Yes   ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? __N/A__

    __N/A__   Cause Number (if known): __N/A__

    What was the result of your direct appeal (affirmed, modified or reversed)? __N/A__

    What was the date of that decision? __N/A__

    If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

    Grounds raised: __N/A__

    __N/A__

    Result: __N/A__

    Date of result: __N/A__   Cause Number (if known): __N/A__

    If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

    Result: __N/A__

    Date of result: __N/A__

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☐ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: __N/A__

    Nature of proceeding: __N/A__

    Cause number (if known): __N/A__

    Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-

–3–   Rev. 09/10

stamped date from the particular court: N/A

Grounds raised: N/A

_____ N/A _____

Date of final decision: N/A

What was the decision? N/A

Name of court that issued the final decision: N/A

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: N/A

Nature of proceeding: N/A

Cause number (if known): N/A

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:
N/A

Grounds raised: N/A

_____ N/A _____

Date of final decision: N/A

What was the decision? N/A

Name of court that issued the final decision: N/A

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?   ☐ Yes   ☐ No

   (a)  If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: N/A
   _____ N/A _____

   (b)  Give the date and length of the sentence to be served in the future: N/A
   _____ N/A _____

   (c)  Have you filed, or do you intend to file, any petition attacking the judgment for the

—4—                                                                Rev. 09/10

**Parole Revocation:**

13. Date and location of your parole revocation: __N/A__

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?   ☐ Yes   ☐ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?
    ☐ Yes   ☒ No

16. Are you eligible for release on mandatory supervision?   ☒ Yes   ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
    __Dalhart Unit - 11950 FM 998 Dalhart, TX 79022__

    Disciplinary case number: __# 20190179460__

    What was the nature of the disciplinary charge against you? __"Damaging or Destroying Property"__

18. Date you were found guilty of the disciplinary violation: __3/27/19__

    Did you lose previously earned good-time days?   ☒ Yes   ☐ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
    __50 days__

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
    __45 days cell restriction; 45 days Commissary restriction; 45 days Phone restriction; 45 days rec-restriction; Droped From a line class-2- to line class-3- 50 days good time reduction.__

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
    ☒ Yes   ☐ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: __Denied__

    Date of Result: __Apr. 17, 2019__

Date of Result: 8-1-2019

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. **GROUND ONE:** Violation of the Due process clause, No Evidence/Insufficient Evidence, Violation of TDCJ protocol

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

There is insufficient evidence to find me guilty of a TDCJ rule violation "Damaging or Destroying" state property. Which is a code 18.0 infraction. No one seen me damage anything. There was no witness statements, either by the charging officers report or other staff or inmates account that could state that I "intentionally" damaged or destroyed state property. There was no photographs or other evidence that showed any "property" that was actually damaged or destroyed, much less by me. Two elements must be proven to establish that I intentionally damaged or destroyed state property. One, Intent must be established; two, Damages must be adequately described. Elements that were not met in my case. As a matter of fact/record, I pleaded my innocense through the whole disciplinary proceeding, even explained that I never destroyed anything. Taken as a whole, it is clear that the DHO (Disciplinary Officer) decision was arbitrary, capricious or an abuse of discretion.

B. **GROUND TWO:** Violation of the 5th amendment of the USC. Double Jeopardy Clause/Violation of TDCJ protocol

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I was punished twice for essentially the same infraction. On 3-16-19 I was caught in possession of tattoo paraphernalia (case# 20190173278) on 3-19-19 I was found guilty, by my own admission, and punished accordingly: 20 days restriction for the following: recreation, commissary, phone and cell restriction. Also dropped from a line class S-3 to a S-4. On 3-21-19 I was served with a major case (instant case) rule violation, "Damaging or Destroying" state property. On 3-27-19 at my disciplinary hearing, I told the Disciplinary Officer (DHO) that I didn't destroy anything and asked to see the evidence against me. The DHO showed me the same photograph that was used against me at my prior hearing for possession of tattoo paraphernalia. I told the DHO that thats the same evidence used against me on my other case and was already punished for it. The DHO disregarded what I said and continued to punish as follows: 45 days restriction for rec, commissary, phone and cell. Dropped from line class L-2 to L-3. 50 "good time" days taken from me and charged $154.50 for damage to state property. Also was put in G4 status. According to TDCJ policy, if it's not two distinct incident or separate incidents or "when it's impossible to commit a particular offense without, at the same time and by the same conduct, committing a less serious offense, the latter is a lesser included offense", meaning I should have been charged with two infractions on one I-210 sheet (offense report sheet) TDCJ punished me twice for something that I should have been punished for only once, violating TDCJ protocol and Double Jeopardy Clause of the 5th amendment of the U.S.C. as well as the due process clause of the 1st 14th amendment.

C. **GROUND THREE:** _____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____

D. **GROUND FOUR:** _____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____

21. Relief sought in this petition: I would like my Disciplinary Case overturned, my 50 "good time" days returned and the $154.50 I was charged, and already paid, returned to my trust ~~acco~~ Fund account. I would like my line class of L-2 returned to me, as well as my G-2 custody level.

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition? ☐ Yes ☒ No
    If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

    N/A

    N/A

    If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)? ☐ Yes ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
    ☒ Yes ☐ No

    If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

    All grounds are presented for first time, since this is a TDCJ disciplinary proceeding that I am attacking

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

    If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. N/A

    N/A

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: Patrick Howard P.O. Box 74 Bangs, tx 76823
    (b) At arraignment and plea: Patrick Howard P.O. Box 74 Bangs, tx 76823
    (c) At trial: Patrick Howard P.O. Box 74 Bangs, tx 76823
    (d) At sentencing: Patrick Howard P.O. Box 74 Bangs, tx 76823
    (e) On appeal: ~~Patrick Howard~~ N/A
    (f) In any post-conviction proceeding: N/A

(g)  On appeal from any ruling against you in a post-conviction proceeding: __N/A__

**Timeliness of Petition:**

26.  If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

Since I exhasted all remidies of TDCJ appeal process on ~~@~~ 8-1-19, which is when my step two was denied, I am well within the year period, and since I recieved final notice of the denile of my step two griveance on 8-29-19, I am also well within the 30 days approved by the govnt. code

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

__9-27-19_____ (month, day, year).

Executed (signed) on ____9-27-19_____ (date).

_____
Signature of Petitioner (<u>required</u>)

Petitioner's <u>current</u> address: 11950 FM 998 Dalhart, TX 79022

_____

Jeremy Arredondo #2032379
Dalhart Unit C1-22T
11950 FM 998
Dalhart, TX
79022

Amarillo Div. U.S. Clerk Office
Delynda Smith: Dep. In
U.S. Courthouse 205 E. 5th Ave
Box F13240
Amarillo, TX. 79101

Amarillo, TX 791
MON 30 SEP 2019 PM

USMS

RECEIVED
OCT - 2 2019
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Legal Mail